UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANDY SCHNELKE

      Plaintiff,

  v.

JP MORGAN CHASE BANK as successor in interest to Washington Mutual, WASHINGTON MUTUAL, and DOES 1-50, Inclusive.

      Defendants.

No. 2:09-cv-03119-MCE-KJN

MEMORANDUM AND ORDER

Plaintiff Andy Schnelke ("Plaintiff") seeks monetary relief from Defendant JP Morgan Chase, N.A. as acquirer of assets and liabilities in Washington Mutual[1] ("Defendant") based on claims of breach of contract, breach of the covenant of good faith and fair dealing, breach of statutory duties, unfair business practice, and Rosenthal Act violations.

---

[1] Plaintiff's Complaint erroneously sues both JP Morgan Chase as successor in interest to Washington Mutual and Washington Mutual. JP Morgan Chase appears in this case as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver. Accordingly, the Court will regard Plaintiff's suit as being alleged against this single Defendant.

1

Presently before the Court is a Motion by Defendant to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] For the reasons set forth below, Defendant's Motion to Dismiss is granted.

**BACKGROUND**[3]

This action arises out of activity surrounding a residential loan transaction for Plaintiff's property located in the City of Stockton, County of San Joaquin, California ("Property"). Plaintiff and Defendant entered into a written contract in which Defendant would service a mortgage for real property. The contract required 360 monthly payments of $1,339.56. Plaintiff asserts that he performed all conditions, covenants and promises required by him. However, Plaintiff is currently unable to continue to make the monthly payments. Plaintiff alleges that Defendant advertised and offered loan modifications, but will not offer a loan modification to Plaintiff. On September 25, 2009, Plaintiff filed suit in Superior Court of the State of California for the County of San Joaquin and on November 9, 2009, Defendants removed to federal court on the basis of diversity jurisdiction.
///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Amended Complaint unless otherwise specified.

2

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///
///

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. 556 n.3. A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

///
///
///
///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A. Breach of Contract**

Under California law, to state a claim for breach of contract, the plaintiff must plead: 1) the existence of the contract; 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting damages. Armstrong Petrol. Corp. V. Tri Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n. 6 (2004).

Plaintiff states that he made payments under the contract but cannot afford to continue to make payments. Plaintiff alleges that Defendant will not offer a loan modification to him, and then alleges the contract was breached when Defendants failed to comply with the terms of the contract and the modification by attempting to foreclose on the property with no legal right and without proper notice.

///

However, Plaintiff never alleges where in his mortgage loan contract, or any contract, a promise about modification was explicitly memorialized. A breach of contract claim rests upon the actual terms of the contract, however Plaintiff fails to allege any breach of the express provisions of the loan agreement. Consequently Plaintiff's claim for breach of contract fails. Defendant's Motion to Dismiss Plaintiff's breach of contract claim is granted.

**B. Breach of Covenant of Good Faith and Fair Dealing**

The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Foley v. Interactive Data Corp., 7 Cal. 3d 654, 683-684, (1988). The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose. Id. at 690. "In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which frustrates the other party's rights to the benefits of the contract." Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (1998).

Under California law, recovery for breach of the covenant "is available only in limited circumstances, generally involving a special relationship between the contracting parties." Bionghi v. Metro. Water Dist., 70 Cal. App. 4th 1358, 1370 (1999).
///

California courts have rejected the argument that the doctrine, which traditionally extends only to unique fiduciary like relationships, should encompass normal commercial banking transactions. Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 729 (1989).

Plaintiff alleges that Defendants breached the covenant of good faith and fair dealing by "failing to pay as much consideration to Plaintiff's interests as to Defendant['s] interests," "attempting to foreclose on the property despite failure to comply with California law," "failing to give proper notice about modification," and "sending deceptive letters to Plaintiff advising Plaintiff of the ability to modify the loan despite Defendant selling Plaintiff's property."

Redress is not available under the good faith doctrine. There is not a "unique fiduciary relationship" between parties such that application of the doctrine is warranted. Instead, the alleged breach arises out of a normal commercial transaction, a mortgage loan, and the California courts have declined to extend the doctrine to such transactions.

Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for breach of the Covenant of Good Faith and Fair Dealing is granted.

///
///
///
///
///
///

### C. Breach of Statutory Duties

Plaintiff alleges that Defendant, as recipient of the Troubled Asset Relief Program (TARP) funds under the Economic Stabilization Act of 2008, is subject to the U.S. Treasury's modification program guidelines for the Making Home Affordable Program. Plaintiff states that the March 4, 2009 guidelines require that "[a]ny foreclosure action...be temporarily suspended during the trial period, or while borrowers are considered for alternative foreclosure prevention options. In the event that the Home Affordable Modification or alternative foreclosure options fail, the foreclosure action may be resumed." Therefore, Plaintiff alleges that Defendant is required to stop any foreclosure proceeding.

However, this cause of action fails as there is no private right of action under the said statute. Oliver v. Countrywide Home Loans, Inc., 2009 WL 3122573, *3 (E.D. Cal. 2009)(citing Publ.L. No. 110-343, § 119).

### D. California's RFDCPA

The California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1.

///

Plaintiff alleges that Defendant violated the RFDCPA by "threatening Plaintiff with damage to his reputation; threatening attachment; threatening garnishment; threatening to take prohibited actions; contacting a known represented party; and making false and/or misleading statements."

However, based on the language of the statute, courts have declined to regard a residential mortgage loan as a "debt" under the RFDCPA. See Cal. Civ. Code § 1788.2(e)-(f); Castaneda v. Saxon Mortg. Services, Inc., No. 2:09CV01124, 2009 WL 4640673, at *3 (E.D. Cal. Dec. 3, 2009) (holding that a foreclosure pursuant to a deed of trust does not constitute a debt collection under the RFDCPA); Ines v. Countrywide Home Loans, Inc., No. 08CV1267, 2008 WL 4791863, at *3 (S.D. Cal. 2008) (stating plaintiff's mortgage debt claim did not fall within the meaning of the RFDCPA); Pittman v. Barclays Capital Real Estate, Inc., No. 09CV0241, 2009 WL 1108889, at *3 (S.D. Cal. April 24, 2009) (dismissing plaintiff's mortgage-related RDFCPA claim for failing to "invoke statutory protections").

The behavior Plaintiff complains of arises out of or exists in connection to his residential loan mortgage. The alleged actions by Defendant all stem from the initial residential loan mortgage. As the courts have repeatedly held, the collection of this debt does not fall under the purview of the RFDCPA.

Defendant's Motion to Dismiss Plaintiff's RFDCPA claim is granted.

///
///
///

**E.   Negligence**

Plaintiff alleges that the Defendant "owed a duty to the Plaintiff to use reasonable skill and care in the exercise of their agency duties for the Plaintiff's benefit and best interest, and to perform acts in such a manner as to not cause Plaintiff harm."  Plaintiff alleges that Defendant breached that duty when it "used [it's] knowledge and skill to direct Plaintiff into a loan for which he was not qualified based upon his income as stated in the documents provided to the Defendant."  Plaintiff alleges that Defendant further breached its duty when "it failed to make the required disclosures...and when [it] took payments to which [it was] not entitled, charged fees [it was] not entitled to charge, and wrongfully made or otherwise authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus."

In order to state a cause of action for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).  The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. Kentucky Fried Chicken of California, Inc. v. Superior Court, 14 Cal. 4th 814, 819 (1997); Isaacs v. Huntington Memorial Hospital, 38 Cal. 3d 112, 124 (1985).

///

When not provided by statute, the existence of such a duty depends upon the foreseeability of the risk and a weighing of policy considerations for and against the imposition of liability. Jacoves v. United Merchandising Corp., 9 Cal. App. 4th 88, 105 (1992).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095-96 (1991) (affirming summary judgment in favor of defendant lending institution because defendant owed no duty to plaintiff in conducting its loan processing procedures); see Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980) ("Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"). However, the analysis does not stop there. Rather, California courts look to six factors in determining whether a financial institution owes a duty of care to a borrower-client. These factors are: "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm."

///
///

Nymark, 231 Cal. App. 3d at 1098; Knox v. Ameriquest Mortg. Co., No. C 05 00240 SC, 2005 WL 1910927 (N.D. Cal. Aug. 10, 2005) (holding that the fifth factor alone was enough to establish a duty of care where plaintiffs had asserted allegations of intentional document forgery).

Plaintiff alleges that Defendant Washington Mutual "transacted mortgage business in the State of California...and that Defendant[] also handles foreclosures in San Joaquin County." Plaintiff describes Defendant as a financial institution involved with mortgages and foreclosures, and as such, Defendant owed no duty of care to Plaintiff. Plaintiff has not provided the Court with any statute creating a duty, or special relationship giving rise to a duty between mortgagors and lending institutions.

Defendant's Motion to Dismiss Plaintiff's negligence claim is granted.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 11) is GRANTED with leave to amend.

///
///
///
///
///
///

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: March 25, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE