UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANDY SCHNELKE,                          No. 2:09-cv-03119-MCE-KJN

      Plaintiff,

  v.                                    MEMORANDUM AND ORDER

JP MORGAN CHASE BANK as
successor in interest to
Washington Mutual, WASHINGTON
MUTUAL, and DOES 1-50,
Inclusive.

      Defendants.

Plaintiff Andy Schnelke ("Plaintiff") seeks monetary relief from Defendant JP Morgan Chase, N.A. as acquirer of assets and liabilities in Washington Mutual[1] ("Defendant") based on claims of breach of contract, breach of statutory duties, and unfair business practices.

---

[1] Plaintiff's Complaint erroneously sues both JP Morgan Chase as successor in interest to Washington Mutual and Washington Mutual.  JP Morgan Chase appears in this case as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver.  Accordingly, the Court will regard Plaintiff's suit as being alleged against this single Defendant.

1

1    Presently before the Court is a Motion by Defendant to
2 Dismiss Plaintiff's Second Amended Complaint for failure to state
3 a claim upon which relief may be granted pursuant to Federal Rule
4 of Civil Procedure 12(b)(6).[2]  For the reasons set forth below,
5 Defendant's Motion to Dismiss is granted.

## BACKGROUND[3]

This action arises out of activity surrounding a residential loan transaction for Plaintiff's property located in the City of Stockton, County of San Joaquin, California ("Property"). Plaintiff and Defendant entered into a written contract in which Defendant would service a mortgage for real property. The contract required 360 monthly payments of $1,339.56. Plaintiff asserts that he performed all conditions, covenants and promises required by him. However, Plaintiff states he is currently unable to continue to make the monthly payments. Plaintiff alleges that Defendant advertised and offered loan modifications, but will not offer a loan modification to Plaintiff. Plaintiff subsequently filed suit.

///
///
///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Amended Complaint unless otherwise specified.

2

On March 26, 2010, this Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.  The Court afforded leave to amend, and Plaintiff thereafter file a Second Amended Complaint on April 6, 2010.  Defendant again seeks dismissal of Plaintiff's claims.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 1964-65 (internal citations and quotations omitted).  A court is not required to accept as true a legal conclusion couched as a factual allegation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
///

3

Factual allegations must be enough to raise a right to relief above the speculative level.  <u>Twombly</u>, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  <u>Twombly</u>, 550 U.S. 556 n.3.  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  <u>Id</u>. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  <u>Id</u>.  Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  <u>Id</u>. at 556.

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud."  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  <u>Neubronner v. Milken</u>, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted).

4

"The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A.   Breach of Contract**

Plaintiff's claim for Breach of Contract in his Second Amended Complaint fails to cure the deficiencies of his prior Complaint. Plaintiff bases his cause of action on the concept that Defendant "advertised and offered loan modifications, but will not offer a loan modification to Plaintiffs," and that Defendant is in violation of California Civil Code § 2923.5 which requires lenders to contact the borrower regarding their financial situation so as to explore options to avoid foreclosure. Cal. Civ. Code § 2923.5.

///
///

However, the Court stands on its previous holding.  Under no cannon of contract law may a contract be deemed breached for failure to modify its terms pursuant to an advertisement made to others.  Nor is the Court aware of any existing legal provision under which a plaintiff may base his claim for breach of contract upon alleged failure to carry out a separate and independent obligation created by statute.  Rather, under California law, to state a claim for breach of contract, the plaintiff must plead: 1) the existence of the contract; 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting damages.  <u>Armstrong Petrol. Corp. V. Tri Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n. 6 (2004).

Plaintiff has again failed to allege where in his mortgage loan contract, or any contract, a promise about to modify, or even a promise to discuss non-foreclosure options, were explicitly made verbally or in writing or in some other way memorialized.  A breach of contract claim rests upon the actual terms of the contract.  However, Plaintiff has repeatedly failed to identify what terms were breached.

Consequently, Defendant's Motion to Dismiss Plaintiff's breach of contract claim is GRANTED.

**B.    Breach of Statutory Duties**

In his Opposition, Plaintiff concedes dismissal of his claim for Breach of Statutory Duties based on alleged violation of California Civil Code § 2923.5.

6

Defendant's Motion to Dismiss Plaintiff's Breach of Statutory Duties claim is granted.

### C.     Unfair Business Practices

Plaintiff brings a claim for "unfair business practices" in which he alleges myriad of statutory and common law violations including, *inter alia*, conspiracy, fraud, breach of the implied covenant of good faith and fair dealing, and violation of California Civil Code § 2923.5.

However, Plaintiff has failed to identify exactly which statute or area of common law he premises this cause of action upon, or if the Court is to treat each violation mentioned as a separate claim for relief.  With Plaintiff's claim lacking clarity, Defendant cannot be said to be on notice of the claims brought against it, as is necessary under the pleading standard. For this reason, Plaintiff's claim for "Unfair Business Practices" fails.

The Court acknowledges that Defendant has regarded Plaintiff's claim as a cause of action under California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200. Following suit, Plaintiff has filed an Opposition which also addresses the UCL.  However nowhere in the operative Complaint is there reference to the UCL or its related provisions.  The Court will not read into the Complaint language which is not there.

Due to Plaintiff's failure to articulate a valid claim, Defendant's Motion to Dismiss Plaintiff's "Unfair Business Practices" claim is granted.

7

**CONCLUSION**

As this is Plaintiff's third attempt to allege a viable suit against Defendant, it is clear to the Court that the deficiencies of the complaint cannot be cured by amendment.  For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 20) is GRANTED without leave to amend.  The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated: June 22, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8